IN THE UNITED STATED DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

WANA F. DYSON                                                            PLAINTIFF

v.                      CIVIL NO. 06-3069

MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration                                    DEFENDANT

**MEMORANDUM OPINION**

Plaintiff Wana F. Dyson brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her applications for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).

**Procedural Background:**

The applications for DIB and SSI presently before this court were filed on January 13, 2004, alleging an inability to work since July 14, 2003,[2] due to fibromyalgia, lower back problems, generalized pain in the muscles and joints and fatigue. (Tr. 56-58, 221-223). An administrative hearing was held on September 16, 2004. (Tr. 312-371). Plaintiff was present and represented by counsel.

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] At the hearing before the ALJ, plaintiff requested that her onset date be moved from March 27, 2001, to July 14, 2003. (Tr. 329).

By written decision dated January 24, 2005, the ALJ found that plaintiff has an impairment or combination of impairments that are severe. (Tr. 22). However, after reviewing all of the evidence presented, he determined that plaintiff's impairments do not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 22). The ALJ determined plaintiff maintained the residual functional capacity (RFC) to perform a wide range of light exertional activity. (Tr. 22). With the help of a vocational expert, the ALJ found plaintiff could perform other work as an escrow clerk, a receptionist and a medical records technician. (Tr. 22).

Plaintiff appealed the decision of the ALJ to the Appeals Council. Plaintiff's request for review of the hearing decision was denied on August 25, 2006. (Tr. 4-7). After reviewing additional medical evidence submitted by plaintiff, the Appeals Council declined review making the ALJ's decision the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. #1). Both parties filed appeal briefs. (Doc. # 10, 11). This case is before the undersigned pursuant to the consent of the parties. (Doc. # 4).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists

in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work

experience in light of her residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

**Discussion:**

After reviewing the record, the undersigned is particularly trouble by the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "Under this step, the ALJ is required to set forth specifically a claimant's limitations and to determine how those limitations affect her RFC." *Id*.

The ALJ, in concluding that plaintiff could perform the exertional and non-exertional requirements of at least a wide range of light work on a sustained basis, relied on a RFC assessment completed by a medical consultant, indicating plaintiff's ability to perform within the

medium work category. (Tr. 147)  We note that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999).  Furthermore, the RFC assessment was completed and affirmed on March 22, 2004, and April 28, 2004, respectively. We point out that medical evidence obtained after these two dates reveals plaintiff was diagnosed with degenerative disc disease with an associated multiple bulging disc syndrome and cervical radiculopathy with the associated multilevel nerve root irritation and neuropathy. (Tr. 214).

In determining that plaintiff was not disabled, the ALJ also discounted Dr. Robert C. Ahrens, plaintiff's treating physician's, February 9, 2004, opinion that plaintiff was "unable to work at employment of any kind." (Tr. 127). *See Turley v. Sullivan*, 939 F.2d 524, 527 (8th Cir. 1992.) (physician's conclusion that claimant was unemployable was not a medical opinion but a vocational conclusion outside physician's area of expertise). However, due to the medical evidence dated later in 2004 reporting plaintiff's continued pain and problems associated with her diagnosed impairments, we believe the ALJ should have contacted Dr. Ahrens requesting more information regarding plaintiff's capabilities during the relevant time period. *See Vaughn v. Heckler*, 741 F.2d 177, 179 (8th Cir. 1984)(If a treating physician has not issued an opinion which can be adequately related to the disability standard, the ALJ is obligated to address a precise inquiry to the physician so as to clarify the record). We would also point out that the ALJ indicates Dr. Ahrens noted plaintiff was mowing in May of 2004. (Tr. 18). We reviewed those treatment notes and there is no indication that plaintiff reported having the ability to mow. (Tr. 205). Plaintiff reported that she was able to help her mother with some housework but that the more work she did the more she ached. (Tr. 205).

5

The record also clearly establishes plaintiff has been diagnosed with fibromyalgia and has continued to seek treatment for this impairment. Fibromyalgia involves pain in fibrous tissues, muscles, tendons, ligaments and other "white" connective tissues. Diagnosis is recognized by a typical pattern of diffuse fibromyalgia and nonrheumatic symptoms, such as poor sleep, trauma, anxiety, fatigue, irritable bowel symptoms, exposure to dampness and cold, and by exclusion of contributory or underlying diseases. *See The Merck Manual,* pp. 1369-1371 (16th Edition, 1992). Its cause or causes are unknown, there is no cure, and, perhaps of greatest importance to disability law, its symptoms are entirely subjective. There are no laboratory tests for the presence or severity of fibromyalgia. The principal symptoms are "pain all over," fatigue, disturbed sleep, stiffness, and—the only symptom that discriminates between it and other diseases of a rheumatic character— multiple tender spots, more precisely eighteen fixed locations on the body (and the rule of thumb is that the patient must have at least eleven of them to be diagnosed as having fibromyalgia) that when pressed firmly cause the patient who really has fibromyalgia to flinch.

We point out that the Eighth Circuit has held, in the context of fibromyalgia cases, that the ability to engage in activities such as cooking, cleaning, and hobbies, does not constitute substantial evidence of the ability to engage in substantial gainful activity. *Brosnahan v. Barnhart*, 336 F.3d 671, 677 (8th Cir. 2003); *See Kelley v. Callahan,* 133 F.3d 583, 588-89 (8th Cir. 1998). Accordingly, plaintiff's ability to perform these tasks does not automatically render her capable of performing work.

We believe remand is further warranted so that the ALJ can more fully and fairly develop the record with regard to plaintiff's physical RFC. On remand the ALJ is also directed to address

6

interrogatories to the physicians who have evaluated and/or treated plaintiff – including, Drs. Robert C. Ahrens and Aly M. Mohsen-- asking the physicians to review plaintiff's medical records and complete a RFC assessment regarding plaintiff's capabilities during the time period in question. If further development of the record on the issue of plaintiff's RFC is necessary, the ALJ may also order a consultative exam, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnosis plaintiff's condition(s), and complete a medical assessment of plaintiff's abilities to perform work related activities. *See* 20 C.F.R. § 404.1517.

With this evidence, the ALJ should then re-evaluate plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 26th day of November 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)